UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEFFREY SPARKS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-289 |
| | § | |
| JOHNSON & JOHNSON, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On September 28, 2010, the Court held a phone conference in the above-styled action. At the conference, Plaintiff made an oral motion to remand. For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 319th District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-2632-G.

### I.      Factual and Procedural Background

Plaintiff Jeffrey Sparks filed his Original Petition in state court on June 1, 2010 against Johnson & Johnson Incorporated ("Johnson & Johnson") alleging products liability claims. (D.E. 1.) According to the state court docket sheet, Johnson & Johnson was served with process on June 10, 2010 through the Texas Secretary of State. (D.E. 1, Exh. D.) This action was not removed to this Court until September 3, 2010. (D.E. 1.) After removal, Plaintiff filed his First Amended Complaint adding Ortho-McNeil-Janseen Pharmaceuticals, Inc. and Alza Corporation as Defendants. (D.E. 4.) At the September 28, 2010 phone conference, Plaintiff made a timely oral motion to remand. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . .").

## II.    Discussion

### A.    Removal Generally

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

It is well-settled that the removing party bears the burden of showing that the removal was proper. See Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating both the jurisdictional basis for removal and compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995). Where the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, a party may remove a case if there is: (1) complete diversity of citizenship; and (2) an amount in controversy greater than $75,000, exclusive of interests and costs. See 28 U.S.C. § 1332(a).

### B.    Timing of Removal

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading

setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). "[T]he requirement for timely filing a petition for removal is mandatory." Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996) (citing Courtney, II v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)). The "[c]ourt cannot extend it and the parties may not accomplish the same result by stipulation." Pace v. Chevron U.S.A., Inc., 1993 U.S. Dist. LEXIS 9295, *1 (E.D. La. 1993) (citing Albonetti v. GAF Corp-Chem. Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

      **C.**    **Removal was Untimely**

The removal petition fails to identify a date on which Johnson & Johnson was served with process. (D.E. 1.) According to the state court docket sheet, Johnson & Johnson was served with Plaintiff's Original Petition on June 10, 2010. (D.E. 1, Exh. D.) Pursuant to 28 U.S.C. § 1446(b), Defendant had thirty days from the date of service to remove the case. See Board of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp., 478 F.3d 274, 278 (5th Cir. 2007) (holding that the Section 1446(b) thirty day time period for removal "commences on formal service of process"). The deadline for Defendant to remove the case therefore fell on Monday, July 12, 2010.[1] This case was not removed to this Court until September 3, 2010. (D.E. 1.) Because the notice of removal was not filed within the prescribed thirty day period, it is untimely and must be remanded back to state court.[2] 28 U.S.C. §1446(b); 28 U.S.C. §1447(c).

---

[1] Thirty days after June 10, 2010 is Saturday, July 10, 2010. Pursuant to Federal Rule of Civil Procedure 6, "if the last day [of a deadline] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Therefore, the deadline fell on Monday, July 12, 2010.

[2] Another defect with the removal petition is that it was brought by an incorrect party. The removal petition was brought by Ortho-McNeil-Janssen Pharmaceuticals, Inc., a company that was not part of this suit when it was first removed. (D.E. 1, Exh. C.) 28 U.S.C. section 1441 states "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . ." At the time of removal, the only Defendant in this action was Johnson & Johnson. (D.E. 1, Exh. C.) However, Johnson & Johnson did not bring this removal, nor did Johnson & Johnson join in the removal. (D.E. 1.) Thus, this Court finds that this action was improperly removed and must be remanded. See Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 (5th Cir. 1988) (finding all properly served defendants "must join in the removal petition").

Defendant argues that service was not proper because Plaintiff directed service to Johnson & Johnson Incorporated when the formal name of the company is Johnson & Johnson. (D.E. 3.)  This argument lacks merit and is disingenuous.

Johnson & Johnson is incorporated in New Jersey.  Under New Jersey law, a corporation "[s]hall contain the words 'corporation,' 'company,' 'incorporated' or shall contain an abbreviation of one of those words . . ." N.J. Stat. § 14A:2-2(1)(d).  While there are several exceptions to this rule, because New Jersey law generally requires a corporation to include a corporate signifier in the company's name, it was reasonable for Plaintiff to assume Johnson & Johnson's corporate name was Johnson & Johnson Incorporated.

Courts in this circuit have held that "absent a showing of prejudice to the defendant or evidence of flagrant disregard of the rules of procedure, 'a minor, technical error' does not justify dismissal." Lechner v. Citimortgage, Inc., 2009 U.S. Dist. LEXIS 65836, *4 (N.D. Tex. July 29, 2009) (citing La. Acorn Fair Housing v. Quarter House, 952 F. Supp. 352, 355 (E.D. La. 1997)); see also NLRB v. Dredge Operators, 19 F.3d 206, 214 (5th Cir. 1994) (finding "this and other circuits, all of which excuse technical errors [in service] where no prejudice results"). Here, Defendant has not only failed to allege when Johnson & Johnson was served in the notice of removal, Defendant has also failed to show it suffered prejudice by service to Johnson & Johnson Incorporated.

The state docket sheet indicates Johnson & Johnson was served by the Texas Secretary of State on June 10, 2010.  (D.E. 1, Exh. D.)  "[A]ctual notice of the suit mitigates technical deficiencies in the process." Lechner, 2009 U.S. Dist. LEXIS at *5.  The action was not removed until September 3, 2010, almost three months after Johnson & Johnson was served. (D.E. 1.)  Therefore, the Court finds the removal is untimely.

## III.     Conclusion

For the reasons stated above, this Court determines that it does not have jurisdiction over the above-styled action.  The Court hereby GRANTS Plaintiff's oral Motion to Remand, and this case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 319th District Court of Nueces County, Texas, where it was originally filed and assigned Cause No. 10-2632-G.

SIGNED and ORDERED this 29th day of September, 2010.

_____
Janis Graham Jack
United States District Judge